## DAVID B. FOSTER *vs.* OTIS THOMPSON.

An exception to the rejection of testimony objected to by the opposite party is not obviated by the waiver of the objection at the close of the evidence, in the absence of the witness, who does not return until the arguments have commenced.

A's declaration, that "B should never recover any property of C if A could keep it by any means in his power," is competent evidence in favor of B, being a creditor of C to show that a subsequent conveyance of property by C to A was in fraud of creditors.

ACTION OF TORT for the conversion of a horse. The defendant justified the taking as a deputy sheriff, under a writ of

attachment in favor of Charles Boynton against George B. Foster; and alleged that said Foster was then the owner of the horse; and, if any sale was ever made by him, it was made to Christopher Rugg, for the purpose of hindering and delaying his creditors, and the plaintiff bought the horse, if at all, from Rugg, with full knowledge of these facts, and participated in the fraud.

Trial in the court of common pleas before *Sanger*, J., who, after verdict for the plaintiff, allowed the defendant's bill of exceptions, one point in which was thus stated: " The defendant offered Charles Boynton as a witness, to prove that, at a time previous to said alleged conversion, said David B. Foster had threatened and declared publicly ' that said Charles Boynton should never recover any property of George B. Foster if he (said David) could help it by any means in his power.' The plaintiff objected to this testimony, and the judge ruled that it was not admissible. Subsequently, at the close of defendant's testimony, the plaintiff withdrew this objection, and consented that the testimony should go in, but the witness was not then in court, although he subsequently and during the argument of defendant's counsel returned, but nothing further was said in relation to his testimony."

*T. Wright & W. H. P. Wright*, for the defendant.

*S. H. Phillips & J. A. Gillis*, for the plaintiff. The testimony of Boynton comes from a very suspicious source, he being the real defendant in the case. The plaintiff having subsequently withdrawn his objection, a new trial should not be granted upon the ground of the exclusion of this testimony. *Commonwealth* v. *Robinson*, 1 Gray, 562.

But the evidence, if admitted, would have proved nothing. It would merely show that the plaintiff some time before, probably under circumstances of considerable excitement, made use of the words testified to; and it would be unjust to decide that his rights should be forever prejudiced by a single hasty expression. *Bullock* v. *Beach*, 3 Verm. 73.

SHAW, C. J. There is no doubt, we suppose, that Boynton, the attaching creditor, though deeply interested to the whole

amount of the value of the property in controversy, not being a party to the suit, was a competent witness, by force of the statute. *St.* 1852, *c.* 312, § 60. And, under the circumstances of the case, the court are of opinion that the waiver of the objection by the plaintiff, after the defendant had closed his evidence, and the witness was absent, though he returned into court after the argument commenced, did not obviate the force and effect of the plaintiff's exception.

It is true that the testimony, coming from a party thus interested, is to be received with great caution, and most carefully weighed ; still, as it is made competent by statute, it is to be received and submitted to the jury, who will judge of the weight to which it is entitled.

Then the court are of opinion that the fact proposed to be proved was admissible. It was a declaration by the plaintiff of purpose to do an act, which, it was alleged, he was in fact doing, in assisting this particular debtor to avoid the claims of his creditor by any means in his power ; and one of the most obvious of those means was taking a fraudulent conveyance of his property to prevent its attachment. The expression used might be the language of passion and excitement, and therefore not to be deemed a serious declaration of purpose, leading to action ; but that was a consideration for the jury, and did not affect the question of admissibility. *Exceptions sustained.*